**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **LOGITRAQ, LLC,** | |
| Plaintiff, | Case No. 6:14-cv-980 |
| v. | **PATENT CASE** |
| **WHEATON VAN LINES, INC. & BEKINS VAN LINES, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Logitraq, LLC files this Complaint against Defendants Wheaton Van Lines, Inc. and Bekins Van Lines, Inc., for infringement of United States Patent Nos. 6,556,905 (the "'905 Patent") and 6,975,222 (the "'222 Patent").

## PARTIES AND JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Plaintiff Logitraq, LLC ("Plaintiff" or "Logitraq") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4.     Upon information and belief, Wheaton Van Lines, Inc. is an Indiana corporation with a principal office located at 8010 Castleton Rd., Indianapolis, Indiana 46250.

5.      Upon information and belief, Bekins Van Lines, Inc. is an Indiana corporation with a principal office located at 8010 Castleton Rd., Indianapolis, Indiana 46250.

6.      Wheaton Van Lines, Inc. and Bekins Van Lines, Inc. are collectively referred to as "Defendants."

7.      This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.  Specifically, and without limitation, both Defendants operate and have operated commercial motor vehicles in Texas.  Wheaton Van Lines, Inc.'s U.S. Department of Transportation number is 70719, and their Bekins Van Lines, Inc.'s U.S. Department of Transportation number is 2256609.

8.      On information and belief, Defendants' systems that gather and process information concerning the operation of its commercial motor vehicles, which are alleged herein to infringe, were and continue to be used in the Eastern District of Texas.

9.      In order to achieve compliance with federal and state regulations, and to obtain and maintain a competitive advantage in the marketplace, Defendants rely on integrated technology systems that gather and process information concerning the operation of its commercial motor vehicles.  For example, Defendants use such systems to comply with "Hours of Service" regulations.  These integrated technology systems of Defendants, including the methods practiced by such systems, are the "Accused Instrumentalities" in this case.

10.     Upon information and belief, Bekins Van Lines, Inc., is owned by Wheaton Van Lines, Inc., so that Defendants are related companies that are both part of a common corporate family, and therefore their joinder as co-defendants is proper in this case.

## VENUE

11.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,556,905)

12.     Plaintiff incorporates paragraphs 1 through 11 herein by reference.

13.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

14.     Plaintiff is the owner by assignment of the '905 Patent with sole rights to enforce the '905 Patent and sue infringers.

15.     A copy of the '905 Patent, titled "Vehicle Supervision and Monitoring," is attached hereto as Exhibit A.

16.     The '905 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

17.     The '905 Patent is a prominent patent in the field of vehicle supervision and monitoring. This is evidenced in part by the extent to which the '905 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '905 Patent has been forward-cited in more than 50 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as IBM, Robert Bosch, Ford, and Progressive Insurance.

**(Direct Infringement)**

18.     Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '905 Patent, including at least claim 20, by using, making, and/or having made the Accused Instrumentalities as described in paragraph 9 above.

19.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

20.     Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT II**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 6,975,222)**

21.     Plaintiff incorporates paragraphs 1 through 11 herein by reference.

22.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

23.     Plaintiff is the owner by assignment of the '222 Patent with sole rights to enforce the '222 Patent and sue infringers.

24.     A copy of the '222 Patent, titled "Asset Tracking Apparatus and Method," is attached hereto as Exhibit B.

25.     The '222 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

26.     The '222 Patent has been recognized as being a meaningful patent in the field of asset tracking.  This is evidenced in part by the extent to which the '222 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents.  The '222 Patent has been forward-cited in more than 10 subsequently-issued U.S. patents to date, including patents originally assigned to MIT and to IBM.

**(Direct Infringement)**

27.    Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '222 Patent, including at least claim 5, by using, making, and/or having made the Accused Instrumentalities as described in paragraph 9 above.

28.    Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

29.    Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,556,905 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)    Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,975,222 (or, in the

alternative, awarding Plaintiff a running royalty from the time of judgment going

forward);

d)      Award Plaintiff damages resulting from Defendants' infringement in accordance with

35 U.S.C. § 284;

e)      Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff

its attorney's fees and any other appropriate relief;

f)      Award Plaintiff pre-judgment and post-judgment interest and costs; and

g)      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under

law or equity.


Dated:  December 18, 2014                 Respectfully submitted,


                                           _/s/ Craig Tadlock_____
                                          Craig Tadlock
                                          State Bar No. 00791766
                                          John J. Harvey, Jr.
                                          State Bar No. 09179770
                                          Keith Smiley
                                          State Bar No. 24067869
                                          TADLOCK LAW FIRM PLLC
                                          2701 Dallas Parkway, Suite 360
                                          Plano, Texas 75093
                                          903-730-6789
                                          craig@tadlocklawfirm.com
                                          john@tadlocklawfirm.com
                                          keith@tadlocklawfirm.com

                                          *Attorneys for Plaintiff Logitraq, LLC*